# TEXAS SUPREME COURT REPORTS.

BURNHAM, HANNA, MUNGER & CO. V. LOGAN,
EVANS & SMITH.

No. 222.

1. **Charge—Practice.**
   A charge correct so far as it goes, and deficient in not covering the law in full applicable to the case, when not sought to be corrected by request for a more specific charge, is not ground for reversal ............................. 4

2. **Evidence of Fraud—Fraudulent Conveyance.**
   Great latitude is allowed in the introduction of evidence upon the questions of fraud. It seems where the transfer of possession is in issue that it was competent as a circumstance to show the sale of part of the property the subject of the controversy, by the maker of the alleged fraudulent conveyance, and after its date...... ........................................ 4

3. **Charges Requested—Practice.**
   It is apparent from articles 1319, 1320, 1321, and 1303 of the Revised Statutes, that it was intended that the trial judge should pass upon each instruction asked separately, noting his action thereon; and therefore that the charges requested by counsel can not be refused as a whole because of an error in one of them....................... . ............................. 6

4. **Duty of Court in Acting Upon Requested Instructions.**
   Counsel presented instructions which were in distinct propositions. Some were clearly proper. The court indorsed the paper: "The foregoing special charge requested by the defendants is refused by the court to the jury, for the reason that the same as a whole does not present the law applicable to the case." In this the court did not comply with the requirements of the statute, article 1320, Revised Statutes ........................ .... 5, 7

5. **Preparation of Instructions by Counsel.**
   In preparing instructions, attorneys must take the risk of putting them in proper form for the court to act upon separately. If two propositions be so united that the court must pass upon them at the same time, one being correct and the other not, the judge will not be required to reconstruct the charge, but may refuse it as asked, stating his reasons.................. 7

6. **Error in Refusal of Charge.**
   Distinct paragraphs in a charge refused supplied defects in the general charge given by the court, that to avoid the assignment for fraud it was necessary that the vendee or assignee participate in the fraud, and that if the assignee, who also was a creditor, took possession of the goods in good faith, it was not void. *Held*, the refusal of the entire charge was reversible error...... 7

7. **General Assignment.**
   If an instrument be a general assignment under the statute, then the fraud of both assignor and assignee would not render it void. It would take effect in favor of creditors ......................................... 8

8. **Fraudulent Contract.**
   A fraudulent conveyance is good between the parties to it. See illustration. 8

Vol. LXXXVIII. Sup.—1.

9. **Same.**

> An insolvent mercantile firm conveyed to a creditor their stock in business, the trustee to take possession and sell, proceeds of sale after payment of assignee's debt to be pro rated among other named creditors, is an assignment, not a mortgage. The property is not subject to attachment, but will be administered under the statute........................................ 8

ERROR to Court of Civil Appeals for Second District, in an appeal from Armstrong County.

The opinion gives a sufficient statement of the case.

*McCormick & Spence*, for plaintiffs in error, cited Howerton v. Holt, 23 Texas, 52–62; Jackson v. Harby, 65 Texas, 715; Smith v. Whitfield, 67 Texas, 124; Saddlery and Harness Co. v. Schoelkopf, 71 Texas, 418; Bump. on Fraud. Con., pp. 352, 353; Marburg v. Brooks, 7 Wheat., 556; 11 Wheat., 78; Johnson v. Robinson, 68 Texas, 399; Hudson v. Milling Co., 79 Texas, 409; Foreman v. Burnette, 83 Texas, 402.

*Browning & Madden*, for appellees. —To the authorities cited by plaintiffs in error in their application for writ of error, to support their contention that the deed of trust in question in this case is a common law assignment, we make the following suggestions: The case of Johnson v. Robinson, 68 Texas, 399, as far as the report of the case shows, involved the construction of an instrument somewhat similar to the one now in question, and the court construed it to be a common law assignment. The question of fraud or the bona fides of the instrument was not raised, except upon the face of the instrument.

Hudson v. Milling Company, 79 Texas, 401, was a suit to have an instrument construed to be a general assignment, under the statute, of an insolvent debtor for the use and benefit of accepting creditors. This court refused to so construe it, and reversed the decision of the lower court and rendered judgment here for appellants. We do not find the question of fraud raised in the case. However, the court makes this intimation in its opinion, on page 407: "This is not a case in which the plaintiffs are seeking to set aside a conveyance, but one in which they seek to have it stand and to enforce it as construed by the court, and it is therefore unnecessary to enter into any question as to its validity."

Foreman v. Burnette, 83 Texas, 396, is a case where suit was brought by the plaintiff to have an instrument (entirely different from the one under consideration) declared a general assignment under the statute, and he alleged that Mainor, the assignor, was insolvent, and, in contemplation of insolvency, that he executed and delivered to the defendant a deed of assignment conveying for the benefit of all his creditors all of his property subject to execution, etc. The defendant's demurrers were sustained, and the case came before this court on the issues of law as presented by the pleadings, and the court construed the in-

strument to be an assignment under the statute, and reversed the case.

Smith v. Whitfield, 67 Texas, 124, is a case where an attachment was run on certain cotton, and because of some defect in the proceedings, the plaintiff began another suit and caused another writ to be run on the same cotton. Between the issuance and levy of the first and second writs, the defendant sold the cotton to Whitfield for a debt he owed him. The first writ and levy was abandoned, and the trial of the right of property was had upon the second levy. No question of fraud was involved in the case. The court merely affirmed the case, holding to the established doctrine, that a debtor can prefer one creditor over another by transferring to him a reasonable amount of his property to do so.

We beg to call attention to the case of Laird v. Weiss, 85 Texas, 93, which holds in effect the same doctrine announced by the Court of Civil Appeals in its decision of the case at bar. Taylor v. Glass Co., 25 S. W. Rep., 466.

BROWN, ASSOCIATE JUSTICE.—Frank and Louis Dysart were partners under the firm name of Dysart Bros., doing a mercantile business at Claude and Panhandle City, Texas. They were indebted to the plaintiffs and defendants, and to one W. E. Grinnell, as well as other people. The firm was insolvent, and on the 10th day of February, 1890, conveyed their stocks of goods at both places to W. E. Grinnell, in trust, to be by him sold and the proceeds applied to the payment of the debt due to himself, Grinnell, and expenses of administering the trust, and if there was any surplus, then it was to be paid pro rata to a number of creditors named, among whom plaintiffs in error were mentioned, but not the defendants in error.

Grinnell's debt amounted to $800, with interest for a few months, and was, before the assignment, secured by a deed of trust or mortgage on a storehouse worth about $1400. The stock of goods conveyed to Grinnell invoiced $3200. The debts secured by the assignment or deed of trust amounted to much more than the value of all the property.

After Grinnell had sold $300 worth of the goods for cash at retail, he sold the remainder of the stock to the agent of the plaintiffs in error for $900 cash, it being estimated that the stock would then invoice at cost $2700. Plaintiffs in error paid cash for the goods and sent them to the depot for shipment, when they were seized by the sheriff under attachment sued out by the defendants in error upon a debt due to them from Dysart Bros. Burnham, Hanna, Munger & Co. presented to the sheriff their affidavit of claim made in good faith, and bond as required by law, and took the goods.

The case was tried upon issues made involving the good faith and fairness of the deed of trust and the sale to plaintiffs in error. A trial was had in the District Court, and judgment rendered against the

plaintiffs in error, the claimants of the property, which was affirmed by the Court of Civil Appeal.

Plaintiffs in error present to this court the following grounds of error:

1. That the Court of Civil Appeals erred in refusing to sustain the first and second assignments of error, which are based upon the refusal of the trial court to give the second charge asked by the plaintiffs in error, defendants below.

2. The Court of Civil Appeals refused to sustain the fourth assignment of error, which is based upon the refusal or failure of the trial court to charge what constitutes fraud.

3. Error of trial court in admitting evidence of the sale of a safe by one of the Dysarts after plaintiffs in error had purchased it, the safe being included in the sale to them by Grinnell; and that the Court of Civil Appeals erred in overruling the assignment thereon.

4. That the instrument made by Dysart Bros. to Grinnell is an assignment, and not a mortgage, and that the Court of Civil Appeals erred in holding it to be a mortgage.

5. That there was no evidence introduced to show that plaintiffs in error knew anything of any fraud on the part of Dysart Bros. or Grinnell, if there was any such, and that the verdict was without evidence to support it.

The second, third, and fifth objections presented are not tenable. In the charge of the court the grounds upon which the assignment might be held void for fraud are stated with sufficient certainty under the facts, except as hereafter mentioned. If the defendants desired a more specific charge they should have asked a charge to supply the omission.

Great latitude is allowed in regard to the introduction of evidence upon questions of fraud, and we are not prepared to say that the evidence of the sale of the safe by one of the firm of Dysart Bros. was not admissible as a circumstance, in connection with other evidence, as to the possession of the Dysarts after the making of the deed, as well as upon the question of the knowledge of the agent of claimants of the facts which would show that the transaction was had with a fraudulent intent. We will not discuss the facts bearing upon either question.

It was claimed that there was no evidence tending to prove that Miller had notice of any fraudulent intent on the part of Dysart Bros. in making the assignment, but we think there was evidence sufficient to submit the question to the jury.

This case was tried in the District Court, and presented to and decided by the Court of Civil Appeals, upon the theory that if there was fraud in the making of the instrument from Dysart Bros. to Grinnell, the property was liable to levy, which would be correct if the instrument is either a mortgage or common law assignment. If, however, it is a general assignment, it would not be so liable.

The court charged the jury, in substance, that if Dysart Bros. made the instrument with intent to defraud their creditors, and the defend-

ants knew of the fraud of Dysart Bros. or of the fraudulent intent of
Grinnell in making the sale to claimants, the plaintiffs must recover.
The charge omitted to inform the jury that if there was a fraudulent
intent in making the instrument, that Grinnell must have participated
in that fraud in order to affect the validity of the conveyance.

Defendants asked the court to give a charge consisting of two para-
graphs, as shown in the transcript (it is divided into three in the brief).
The first was in substance embraced in the charge of the court and a
special charge given at defendant's request, with the exceptions that it
asked the court to charge that Grinnell must have participated in the
fraud, if there was fraud, in order to render the instrument void. This
paragraph also asked the instruction to the jury, that if Grinnell actu-
ally took possession of the property and the assignment was made in
good faith for the payment of the debts of Dysart Bros., it would be
valid. This last proposition was relevant and proper, because one of
the grounds of attack set up in the issues tendered by plaintiffs was that
Dysart Bros. remained in possession and exposed the goods to sale in
the usual course of trade, which would, if true, render it void.

The second paragraph of this charge reads as follows:

"You are further instructed, that if you find and believe that Charles
W. Miller, acting for claimants, consulted with Dysart Bros. and ob-
tained their consent to the purchase of the goods in controversy before
the purchase was made, and if said Dysart Bros. approved of and
directed said sale of said goods, and if said claimants paid the fair
market value of said goods to said Grinnell, and if said purchase price
was applied in payment of the debts or any debt mentioned in said as-
signment of Dysart Bros., then said purchase would be valid, and the
title to said goods passed to said claimants, and would no longer be
subject to plaintiff's attachment writ, you will find for the claimants,
irrespective of the validity or invalidity of the assignment to Grinnell."

The district judge indorsed the charge as follows:  "The foregoing
special charge requested by the defendants is refused to be given by
the court to the jury, for the reason that the same as a whole does not
present the law applicable to the case."

This indorsement implies that the charge was in part correct, but
was not entirely so, and we have presented to us, as the first question
upon that ruling, whether or not the court should have refused the en-
tire charge because it was in part erroneous. We presume the court
regarded the last paragraph as being erroneous, because as to the first
we see no ground for refusal. When a charge is divided into separate
paragraphs, and one is in itself correct and applicable to the case,
should the court refuse it because it is connected on the same paper
with a paragraph which is erroneous?

Article 1317, Revised Statutes, prescribes, that the "charge [of the
court] shall be signed by the judge;" and article 1319 is in these words:
"Either party may present to the judge in writing such instructions
as he desires to be given to the jury, and the judge may give such in-

structions or a part thereof, or he may refuse to give them, as he may see proper, and he shall read to the jury such of them as he may give.''

It has been held that the special charges must be signed by counsel, in order that the court may know which party requested them to be given. Redus v. Burnett, 59 Texas, 576; Houston v. Blythe, 60 Texas, 513.

It seems that some courts have understood from the decisions that this court meant to decide that each paragraph of the charge should be written on separate pieces of paper and signed separately; but such is not the meaning of those decisions. The reason upon which the ruling is based does not support such conclusion. The law requires the judge to sign the charge given to the jury, but it would not be contended that this would require of the judge that he should write out and sign separately each paragraph of his charge; yet there is as sound reason to require it in one instance as the other.

Article 1320 provides, that ''When the instructions asked, or some of them, are refused, the judge shall *note distinctly which of them* he gives and which he refuses, and shall subscribe his name thereto, and such instructions shall be filed with the clerk, and shall constitute a part of the record of the court.''

Article 1321: ''The charge and instructions given to the jury may be carried with them by the jury in their retirement,'' etc.

By article 1320, the judge is required to note distinctly which of the charges are given and which refused, and by article 1319 he must read to the jury the instructions given, which, by articles 1321 and 1303, the jury may take with them in their retirement. But the charges which are refused can not be sent to the jury. Lumber Co. v. Denham, 85 Texas, 61.

It is apparent from the articles quoted, that it was intended that the judge should pass upon each instruction separately, noting his action thereon, and therefore that the charges requested by counsel can not be refused as a whole because of an error in one of them. If that had been contemplated, then it would have been unnecessary to require of the court to ''*note distinctly*'' which are given and which refused, because the refusal of one would avoid the necessity of noting his action on others.

Two reasons suggest themselves for the adoption of this requirement. 1. That the counsel requesting the charge may know which have been refused, so that he might, if he chose to do so, correct the error in the charge by requesting others, or separate them so that those given could be delivered to the jury, and in case of appeal, that counsel might intelligently assign errors upon the ruling thereon. 2. That the appellate court in reviewing the ruling may be able to determine upon which the court based its action. Otherwise the Court of Civil Appeals and this court can not determine which of the charges the court regarded as erroneous. In the case before the court, we presume that the trial court refused the instruction because the second paragraph

was not a correct proposition of law; but that presumption is based solely upon our opinion as to the correctness of the charges themselves, and we may be acting upon a wrong theory, for the trial court may have entertained a different view of the law, and may have refused the charge because of objections to the first paragraph.

The indorsement of the judge upon the charge in this instance did not comply with the requirements of the statute, and did not operate as a suggestion to counsel to separate the correct from the erroneous propositions, for the reason that it did not indicate which was correct · and which erroneous, and counsel could not tell which one to present in a separate form. It is presumable that the attorney who drew the charge did so believing that each clause was correct.

In preparing instructions, attorneys must take the risk of putting them in proper form for the court to act upon separately, and if two propositions be so united that the court must pass upon both at the same time, one being correct and the other not, the judge will not be required to reconstruct the charge so as to cull out that which ought to be given, but may refuse the entire charge as written. Willis v. Barnett, 7 Texas, 584; Brownson v. Scanlan, 59 Texas, 222; Hamburg v. Wood & Co., 66 Texas, 168; Railway v. Cullers, 81 Texas, 394.

The duty imposed upon the judge may be fully discharged and the rights of all parties preserved if the charges are acted upon separately, those given and those refused noted. If there are some given and some refused, then the judge should read to the jury such of those given as can be separated from the refused instructions, and if it should be that, from the manner of preparing them, the correct and incorrect are so connected that the given charges can not be delivered to the jury without delivering to them those refused, and counsel should fail to separate them so as to enable the court to discharge this duty, all such should be refused, stating the reason for so doing.

The charge as given by the court failed to state that in order to set aside the assignment because of the fraudulent intent of Dysart Bros. in making it, Grinnell, who was both creditor and assignee, must have participated in the fraud, and also failed to instruct the jury as to the effect of Grinnell's taking possession under the instrument if made in good faith. It was charged that Dysart Bros. never did yield possession of the property to Grinnell, but remained in the possession and control thereof, as before stated, and there was evidence tending to sustain the allegation. The first paragraph of the charge supplied both of these omissions, and should have been given.

If the instrument were a mortgage it would not be rendered void simply by reason of the fact that Dysart Bros. intended thereby to hinder, delay, and defraud their creditors, but it would be necessary that Grinnell should have participated in the fraud to give it that effect. Haas v. Kraus, 86 Texas, 687.

If it were a common law assignment, then the like participation on the part of Grinnell must be shown in order to set it aside for fraud.

Bump Fraud. Con., p. 361. If the instrument be a general assignment under the statute, then the fraud of both assignor and assignee would not make it void, but it would take effect in favor of the creditors. Sayles' Rev. Stats., art. 65f.

The second paragraph of the second charge asked by defendant ought to have been refused. If the instrument was made by Dysart Bros. with intent to defraud creditors, and Grinnell accepted it with like intent, be it mortgage or common law assignment, it was binding upon Dysart Bros., and passed the possession and control of the property to Grinnell. The consent of the makers of it to a sale under the instrument was not necessary, and could have no effect upon such sale. How could the consent of a fraudulent assignor confer upon his fraudulent assignee greater authority than was given by the written instrument? This proposition is unsound in law and morals. If the purchasers knew of the fraud, they ought not to acquire title under the sale, and if they had no notice of it, they acquired title without such consent of Dysart Bros.

The instrument under which Grinnell sold to the plaintiffs in error the property levied upon was executed by Dysart Bros., who, the plaintiffs in the court below allege, were insolvent at the time (the uncontradicted evidence sustains the allegation), and conveys to said Grinnell, in trust, certain property described, with power to take possession of and sell the same, applying the proceeds first to the payment of a debt due to said Grinnell and expenses of the trust, and the surplus to be paid to other creditors named; if there be not enough to pay all in full, then to be prorated among the last named creditors. There is no provision by which the debts may be paid and the possession of the property resumed, or that in case there is more than sufficient to pay the debts, either the surplus of property or proceeds shall be restored to the assignors. It does not appear from the evidence that all the property of the assignors was conveyed, nor that all the creditors were named.

It is claimed that the instrument is a mortgage, but it is so clearly wanting in any of the distinguishing characteristics of a mortgage, that argument upon it would be useless. In its provisions the instrument is as nearly identical with that construed in the case of Johnson v. Robinson, 68 Texas, 399, and Foreman v. Burnette, 83 Texas, 396, as will usually be found; in the essential elements of the instruments there is no material difference. It passed title in the property to Grinnell, and is an assignment. It is not only an assignment, but is also a statutory general assignment, operating for the benefit of all the creditors, and conveying all property not exempt from forced sale. Preston v. Carter Bros., 80 Texas, 391; Foreman v. Burnette, 83 Texas, 396; Wetzel v. Simon, 87 Texas, 403; 28 S. W. Rep., 942.

In Wetzel v. Simon, Chief Justice Gaines gives such a clear and conclusively correct construction of the statute upon this question that further argument is unnecessary.

The conveyance by Dysart Bros. to Grinnell being a general assignment, the property was not subject to levy, and the instrument not subject to attack for fraud. The defendants in error acquired no right by their levy and could not maintain this suit, notwithstanding it may be true that plaintiffs in error may have acquired no title by their purchase.

The judgments of the District Court and Court of Civil Appeals are reversed, and this cause is remanded to the District Court to be disposed of in accordance with this opinion.

*Reversed and remanded.*

Delivered February 18, 1895.