Thomas F. Loftus v. Ivy & Neff.

Delivered November 11, 1896.

**1. Partnership—Pleading—Denial Under Oath.**
An allegation that a settlement by a firm debtor with one partner was collusively made to defraud the firm, need not be pleaded under oath.

**2. Same—Collusive Settlement with One Partner.**
A settlement between a firm debtor and one of the partners, collusively made in fraud of the others, is not binding on the firm, whether or not such partner had authority to collect the debt.

**3. Same—Evidence of Fraudulent Settlement.**
Upon an issue as to whether a settlement made with a debtor by one partner was fraudulent as to the other partners, it is admissible to show that the debtor was informed that a certain partner only had authority to receive payments.

**4. Statute of Frauds—Verbal Promise—Debt of Another.**
A verbal promise to pay the debt of another due for certain work, if such other did not pay it, is within the statute of frauds.

Appeal from the County Court of Harris. Tried below before Hon. John G. Tod.

*Henry F. Fisher,* for appellant.

*W. G. Love,* for appellees.

James, Chief Justice.—Appellant Loftus became liable to the firm of Ivy & Neff for certain work done on his building. After refusal to pay, and after suit, he obtained a receipt in full settlement from Neff, one of the partners in the firm of Ivy & Neff. There was a plea of settlement. Ivy, for his firm, replied that if defendant had paid anything in reference to the claim sued for, such payment had been made to Neff individually and not to the firm; that such payment and settlement, if any, was made by means of collusion between defendant and Neff in order to defraud the firm, by which defendant paid Neff a small sum in order to procure a receipt for the claim from Neff, who, as defendant was informed at the time the contract was entered into, had no authority to receive payment for the firm, the plaintiff Ivy being the person having the sole power to collect the money; that such payment and settlement was made secretly and without Ivy's knowledge, and that as part of the collusive agreement and settlement, Neff immediately left

Houston and has not since been heard from, and for these reasons the settlement was void as to the partnership.

There was an intervener who claimed a part of the fund, upon which branch of the case there is no complaint of the judgment, provided the defendant be held liable. There was also a garnishment of the fund, as to which no assignments of error are made.

The principle is well settled that a collusive settlement made with one partner in fraud of the others is of no effect against the firm. Stout v. Bank, 69 Texas, 384.

The answer, if sustained by proof, would defeat the settlement that was pleaded. This was the real issue upon which the case went to the jury. We are of opinion that the facts shown by the evidence, aided by legitimate and admissible deductions therefrom, were sufficient to warrant the settlement being condemned as a fraud on the firm. The evidence in cases of this character takes great latitude, and the various circumstances given in evidence were relevant and admissible on such issue. Burnham v. Logan, 88 Texas, 4.

It is contended that inasmuch as the defendant alleged a partnership between Ivy and Neff, it was incompetent for plaintiffs to deny any of the consequences of that relation, or to abridge the authority of one of the partners to make settlements, unless this were pleaded under oath, which was not done. The evidence of fraudulent settlement was not inconsistent with the fact of the partnership between Neff and Ivy. On the contrary it assumed the existence of the partnership, and was based on that relation and the rules of law thereto applicable. The plea would have been just as good for the purpose of defeating the settlement had there been no allegation that Neff had, as between the partners, no right to receive the money. Assuming that he had the right to receive it, still a collusive settlement made by him in fraud of the firm might be set aside. The fact that defendant had been informed that, as between the partners, Ivy was the one to whom payment should be made, was proper to be considered with other facts and circumstances on the issue of fraud.

There is no merit in the sixth, seventh, eighth and ninth assignments.

We believe, however, that the assignment marked 7½ is well taken. The contract by which Loftus bound himself was in reference to certain work involving a certain sum, and the verdict includes $5 claimed of him for extras. The evidence on this item shows that Loftus agreed to pay it if the contractor did not. It was an undertaking within the statute of frauds, and the ground was embraced in the motion for new trial. If this sum of $5 be remitted within ten days, the judgment will be reformed and affirmed, otherwise reversed and remanded.

*Reformed and affirmed.*