GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v.
T. F. HUBBARD.

Decided October 28, 1903.

**1.—Charge—Practice.**

A charge correct so far as it goes, and deficient in not covering the law in full applicable to the case, when not sought to be corrected by request for a more specific charge, is not ground for reversal.

**2.—Carrier of Passengers—Stopping Train at Station.**

It is the duty of a railway company transporting passengers to stop their passenger trains at the station a time reasonably sufficient to enable such passengers to alight at the station of their destination in safety, and a charge so stating is not subject to objection as imposing an onerous burden of proof.

**3.—Same—Negligence and Contributory Negligence.**

The charge conditioned the right of plaintiff to recover on proof that he was injured without negligence on his part, and further fully submitted the defense of contributory negligence pleaded by defendant. Held correct and sufficient.

**4.—Mental Suffering—Evidence—Practice.**

In an action for personal injuries mental suffering need not be shown by direct proof where the injury is serious and permanent.

Appeal from the District Court of Gonzales. Tried below before Hon. M. Kennon.

*Baker, Botts, Baker & Lovett* and *Harwood & Walsh*, for appellant.

*Burgess, Hopkins & Rainbolt*, for appellee.

FLY, ASSOCIATE JUSTICE.—This action was instituted by appellee to recover damages resulting from personal injuries received through the negligence of appellant. The cause was tried by jury and resulted in a verdict and judgment for appellee in the sum of $4000.

There was evidence sufficient to justify the conclusion that appellee was injured at Harwood, a station on appellant's line of railway, while alighting from a train, and that such injury was caused through the negligence of appellant in failing to hold its train at such station for a time reasonably sufficient to enable appellee, a passenger thereon, to alight in safety. In alighting from the train appellee was thrown to the platform by a sudden movement of the train, and received injuries on his leg at or near the ankle joint that are serious and permanent.

The court gave the following definition of negligence: "Negligence is the failure to exercise ordinary care. Ordinary care is such care as a person of ordinary prudence would exercise under the same or like circumstances." In the first assignment of error the charge is objected to because it is "not full and complete," and thereby misleading. It is not contended, and could not be under the terms of the assignment, that

there is any error in the charge given, the sole objection being that more was not given. No effort was made by appellant to have any omission supplied in the charge, and it is therefore in no position to complain of such omission. This has been the ruling in appellate courts of Texas from the decision of the case of Harlan v. Baker, Dallam, 578, down to the present day. Burnham v. Logan, 88 Texas, 1; Gulf, C. & S. F. Railway v. Hill, 95 Texas, 629.

The second assignment of error complains of the fourth paragraph of the charge on the ground that it "imposes upon the defendant company a greater burden than the law requires." In the proposition the charge seems to be attacked on the ground that it is an abstract proposition of law, and incomplete because not applied to the facts of the case. The assignment not being followed by a proposition based upon it, should not be considered. We will say, however, that there is no merit in the assignment of error. The court charged the jury: "It is the duty of a railway company transporting passengers to stop their passenger trains at the station a time reasonably sufficient to enable such passengers to alight at the station of their destination in safety." The proposition of law contained in the instruction is absolutely correct, and in a subsequent charge the principle which it contains is applied to the facts of the case.

The fifth paragraph of the charge is criticised in the third assignment of error on the ground that it omitted to state the circumstances under which appellee could not recover. The proposition based on the assignment of error is that it is the duty of the trial court to present every phase of the case presented by the pleadings and evidence. That all the issues made by pleadings and evidence should be presented in the charge may be admitted, and in the criticised paragraph of the charge, the right of appellee to recover is conditioned on proof that he was injured without negligence on his part, and in the last paragraph of the instructions the defense of contributory negligence, pleaded by the appellant, was fully submitted to the jury.

The fourth assignment of error is to the effect that the sixth paragraph of the charge, which sets forth the items of damages, is erroneous because it mentions mental suffering, but that there was no proof of that class of suffering. As said by this court on a former appeal of this case (70 S. W. Rep., 112), it is settled that mental suffering need not be shown by direct proof where the injury is serious and permanent. See also Brown v. Sullivan, 71 Texas, 470.

The second proposition under the fourth assignment of error is not based upon nor justified by the assignment, and will not be considered.

The facts justified a verdict in the amount found by the jury.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.