

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

Special

GERALD C. MANN
ATTORNEY GENERAL

March 15, 1939

Bexar Co

Mr. W. Pat Camp
Asst. Criminal District Attorney
San Antonio, Texas

Dear Sir:

> Opinion No. O-448
> Re: Poll tax payment

We are in receipt of your letter of March 7, 1939 asking for an opinion on the question of whether or not the Tax Collector of Bexar County should issue a poll tax receipt to a taxpayer who, on January 31, 1939, delivered to the said Tax Collector a valid check in payment of his State and County ad valorem taxes against his homestead, together with his poll tax, but did not embrace in said check money to pay his wife's poll tax.

We understand the above question is based upon the following state of facts:

The taxpayer had rendered his homestead for taxes, and on January 31, 1939, he gave to the County Tax Collector his valid check for the amount of the State and County ad valorem taxes against his homestead, together with the amount of his poll tax, that at said time his wife was also subject to the payment of a poll tax, but the taxpayer did not include any money in his check to pay his wife's poll tax. (That when the tax collector ascertained this fact on February 6, 1939, he returned the check to the taxpayer, because it did not contain a sufficient amount to pay the wife's poll tax. Thereupon, the taxpayer paid to the Tax Collector, the additional amount required for his wife's poll tax and then requested the Tax Collector to deliver to him his poll tax as of date January 31, 1939, so that he would be entitled to vote, no contention being made that his wife was entitled to a poll tax that would authorize her to vote. The Tax collector refused to issue to the taxpayer his poll tax receipt as of date January 31, 1939.

Mr. W. Pat Camp, March 15, 1930, Page 2

Article 7272 of the Revised Statutes, as amended in 1931, provides:

". . . . any person, including a lienholder, having an interest in property against which there are taxes which has been included in an assessment with other property may pay the proportionate part of the taxes against his property without being required to pay any other taxes included in the assessment."

Article 7279, Revised Statutes, provides:

"No real estate set apart, used or designated as a homestead shall be sold for taxes other than the taxes due on such homestead."

Since the taxpayer in question was paying his taxes on his homestead, he had a right under the law to pay said tax without the payment of any other tax that may have been assessed against him. Since neither his poll tax nor that of his wife was, or could have been, a lien on his homestead, he was entitled to pay his poll tax without paying the tax on his homestead.

In Parker v. Bushy, 170 S.W. 1042, the Court of Civil Appeals held that where the money for the poll tax was paid to the Tax Collector on or before January 31st, he was entitled to his poll tax receipt which would authorize him to vote, although the Tax Collector did not actually issue the receipt until some days thereafter.

The Supreme Court, in Higgins v. Bordages, 88 Tex. 458, 31 S. W. 52, and Barnett v. Eureka Paving Co., 234 S.W. 1081, specifically held that the homestead was not liable for any tax save and except the taxes due against the homestead, and further held therein that if the petition of the State for taxes revealed that the property sought to be foreclosed on for taxes was a homestead, and that the tax on any other property was embraced in said suit, the judgment was absolutely void.

It is our opinion that since the taxpayer paid to the Tax Collector the amount of his poll tax on January 31st, he is entitled to a poll tax receipt which would entitle him to vote.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ George W. Barcus
Assistant

GWB:PBP
APPROVED: /s/ Gerald C. Mann