## HOOMANA NAAUAO O HAWAII, AN ECCLESI-ASTICAL CORPORATION, *v.* HENRY PALI.

### No. 2400.

ARGUED JULY 12, 1940.                    DECIDED JULY 30, 1940.

COKE, C. J., PETERS AND KEMP, JJ.

OPINION OF THE COURT BY KEMP, J.

Hoomana Naauao o Hawaii, an ecclesiastical corporation, brought an action of trespass against Henry Pali and Frederick Minamina Kailiuli in the circuit court of the second circuit, charging that said defendants, by themselves, one acting for the other, and by their agents and servants, unlawfully broke and entered a certain particularly described close of plaintiff, in its possession, forcibly and against its protest, and unlawfully removed therefrom a certain church building and the furniture and fixtures therein (enumerating them), all of the value of $4000; that said breaking into and entering of said close and the removal of said property was done by the defendants, willfully, wantonly, recklessly, unlawfully, without the consent of plaintiff, and in utter disregard of its rights, and that the defendants thereby became liable to plaintiff

in punitive damages in the sum of $1000. The prayer was for $4000 actual and $1000 punitive damages.

The defendant Frederick Minamina Kailiuli (herein called "Minamina") died before the case came to trial. The action was thereupon abated as to him and thereafter prosecuted against Henry Pali as sole defendant. The case was tried, jury waived, and resulted in a decision in favor of plaintiff for $1200 actual damages, $250 punitive damages, costs in the sum of $294.40, or a total of $1744.40.

The defendant Henry Pali filed a motion for a new trial, which was overruled and judgment entered in accordance with the decision, and defendant brings the cause to this court on exceptions. His bill of exceptions, which was presented to the trial judge within the time extended by the court as allowed by law, contains exceptions noted to various rulings during the progress of the trial and written exceptions to the decision, order overruling motion for new trial, overruling objections to plaintiff's bill of costs and to the judgment.

The plaintiff has argued that all of the written exceptions are ineffective and cannot be considered by this court because they were merely filed with the clerk of the court and were not at any time presented to or allowed by the trial judge. Plaintiff conceded, however, at the oral argument that the exceptions noted by the defendant during the progress of the trial are available to him, although its brief is to the contrary. Having reached the conclusion that certain of the exceptions admittedly available to the defendant must be sustained and a new trial ordered, we do not find it necessary to decide whether or not the other exceptions complained of are properly before us.

Defendant has excepted to a ruling of the court limiting the cross-examination of plaintiff's witness, Moses

Makekau. The most vital issue of fact litigated was whether or not, as contended by plaintiff, Minamina acted as agent or servant of the defendant in the removal of the church. It is undisputed that Minamina employed Lynch Kekahuna, a contractor, to move the church, and that he, with the assistance of Minamina and members of his church, moved it from the place where plaintiff erected it and set it up on the property of the church of which Minamina was pastor. It is also undisputed that Minamina was the grandfather of the defendant and that the defendant was not a member of either of said churches and took no part in the moving. The witness Moses Makekau was janitor and caretaker of the building and grounds of Minamina's church and assisted in the moving of the church and setting it up on the property of Minamina's church. He testified that about two weeks before the church was moved, he overheard part of a conversation between Minamina and the defendant. On his examination in chief he testified that Henry Pali "wanted him [Minamina] to remove the church immediately." The court then asked, "What did Henry Pali say to Minamina?" to which he replied, "Henry Pali told Minamina to remove the church immediately." On cross-examination he testified that "he [Pali] order him [Minamina] to move it." Objection was then sustained to the question, "Isn't it true that Pali might not have ordered him to take it, but that Minamina wanted the church and Pali said that he would raise no objection so far as he was concerned?" The court sustained the objection, personally took over the examination and asked the witness to quote just what Pali said when he spoke to Minamina about the church, to which the witness replied Pali said, "You can go and take that church and move it right away." When asked by counsel for defendant to repeat what Pali said to Minamina, he gave Pali's words as, "I want you to go and get

that church and remove it immediately." Objection was then sustained to the question, "Well, didn't you say, about three minutes ago, that Pali said 'You can go and take that church and move it right away'?" In sustaining the objection the court said: "Mr. Shapiro, the Court would take no heed of such a discrepancy as that of a conversation which took place four years ago. Court asked him practically that question; and, when he gave that answer, Court didn't assume that it was the exact words but it was his best remembrance, and I do not think you can go beyond that." Counsel then attempted to further pursue the subject of the conversation between Minamina and defendant by asking, "Now, isn't it true that this meeting—having taken place four years ago— that it might have been possible Pali merely said 'As far as he was concerned, Minamina could have the church, if he wanted it'—is that true?" In sustaining an objection to the last-quoted question the court said: "I think the matter has been fully covered. Court has asked him twice and Counsel has asked him and he has given substantially the same answers. I do not think we can get any where by continuing the matter. I think the objection is well taken." The objection to the foregoing question, other than the general objection that it was incompetent, irrelevant and immaterial, was that the witness had given his version of what happened. The defendant duly excepted to the ruling and has made the same the subject of his second exception in his bill of exceptions. The question was clearly not subject to the general objection. The court must, therefore, have concluded, as its remarks indicate, that the witness having given his version of the conversation further cross-examination with reference to the conversation would be useless.

It is difficult to frame a general rule or rules applicable to all cases of cross-examination. Some applicable prin-

ciples are, however, quite well-established by the decisions of this court. In *Booth* v. *Beckley*, 11 Haw. 518, it is held that the object of cross-examination being to test the extent of the witness's knowledge, his feelings of bias, prejudice, hostility, interest, accuracy of memory, etc., much latitude is allowed. In *Merricourt* v. *Norwalk Fire Ins. Co.*, 13 Haw. 218, it is held that the latitude allowed by the court as to the extent of cross-examination is largely in its discretion and should not be the subject of reversal unless clearly prejudicial to the complaining party. In *Yamashiro* v. *Costa*, 26 Haw. 54, it was held that the discretion is a judicial one and subject to review for abuse.

In each of the foregoing cases the complaint was that the court permitted the cross-examination to assume too wide a scope. This court, however, approved the action of the trial court in each of said cases.

In *Resurrection Gold Min. Co.* v. *Fortune Gold Min. Co.*, 129 Fed. 668, 674, the circuit court of appeals, in reversing the trial court for restricting the cross-examination of a witness on a material part of his examination in chief said: "But a fair and full cross-examination of a witness upon the subjects of his examination in chief is the absolute right, and not the mere privilege, of the party against whom he is called, and a denial of this right is a prejudicial and fatal error. It is only after the right has been substantially and fairly exercised that the allowance of cross-examination becomes discretionary with the trial court." (See also *Eames* v. *Kaiser*, 142 U. S. 488, and *Gilmer* v. *Higley*, 110 U. S. 47.) Thus it appears that the judicial discretion rule applies only after a full and fair right of cross-examination has been accorded the opposing party. After that right has been fairly exercised, the court may, in the exercise of a sound judicial discretion, either restrict or extend the scope of the cross-examination, subject to review only for abuse. All of the questions

propounded to the witness by counsel for defendant and to which objections were sustained were directed to the vital part of his testimony in chief, and were designed to test the accuracy of his memory of a conversation of which he heard only a part and which occurred four years prior to the trial. "The right of cross-examination is the great safeguard against fraud, false statements, and half truths resulting from statements of parts, and omissions of other parts, of conversations and transactions, which are frequently more misleading and dangerous than direct falsehoods." *Resurrection Gold Min. Co.* v. *Fortune Gold Min. Co., supra,* pp. 675, 676. The witness had given several inconsistent versions of the conversation upon which plaintiff relies to establish agency, though the trial court seemed to think them consistent and declined to permit an answer to a question which called to the witness's attention the discrepancy between two of his answers and called for an explanation. Shortly thereafter the court halted the cross-examination on the subject of the contents of the conversation.

We conclude that the defendant was deprived of his right to a fair and full cross-examination of the witness upon the subject of his examination in chief.

We also conclude that the other alleged errors in admitting evidence will probably not occur in the event of another trial. We, therefore, do not consider them.

For the error discussed, defendant's exception No. II is sustained and the cause remanded for a new trial.

*S. Shapiro* and *I. M. Stainback* (also on the briefs) for defendant.

*E. Vincent* (also on the brief) for plaintiff.