## G. N. FOREMAN v. OWEN D. BURNETTE ET AL.

### No. 3141.

1. **Assignment for Benefit of Creditors.**—A conveyance by an insolvent debtor of his property to a trustee for the purpose of sale and applying proceeds to the payment of his debts, so far as sufficient, with no defeasance expressed or possible from the circumstances, is an assignment and not a mortgage.

2. **Case Adhered to.**—Johnson v. Robinson, 68 Texas, 399, adhered to, in construing the statutes relating to assignments. Sayles' Civ. Stats., art. 65a.

3. **Assignment—Preferences Void.**—An assignment made by an insolvent debtor for the benefit of all his creditors, of all his property, comes within the statute concerning assignments for benefit of creditors; and any provisions for preference among the creditors will be treated as void. The facts indicated by the statute make the conveyance an assignment if shown, regardless of any purpose of the maker as to whether his conveyance should be an assignment under the statute or not.

4. **Residence of Assignee.**—That the assignee named is not a resident of the county in which the assignor resides will not invalidate the assignment. The statute as to residence is directory.

5. **Failure to Give Bond.**—Upon an assignee failing to give bond as prescribed by the statute he may be removed without notice. His failure vacates the appointment.

APPEAL from Dallas. Tried below before Hon. CHAS. FRED. TUCKER.

On October 8, 1887, J. E. Mainor, then a merchant residing and doing business in the county of Montague, conveyed to the appellee Owen D. Burnette, as trustee, a certain stock of merchandise then in his store in the town of Bowie, to be sold and the proceeds applied to the payment of certain debts due by him in the manner specified in said conveyance. Certain creditors of Mainor filed an application with the district judge in said county, stating that Burnette had failed to give bond as required by the statute concerning assignments for the benefit of creditors, and asked the court to appoint an assignee. Appellant was appointed, and after the refusal of Burnette to deliver to him the stock of goods, he brought this suit in the District Court of Dallas County, on March 27, 1890, against Burnette, the trustee, and Blankenship & Blake Company and B. C. Evans Company, for a conversion of the property, alleging, in substance, that on the 8th day of October, 1887, one J. E. Mainor, who then resided, conducted his busi-

ness, and had all his property in Montague County, Texas, was insol-
vent, and in contemplation of insolvency had executed and delivered
to the defendant Owen D. Burnette a deed of assignment, conveying
to the said Burnette, as assignee, for the benefit of all his creditors, all
his, the said Mainor's, property subject to execution; that the said
Burnette was at that time a resident citizen of Dallas County, Texas;
that said deed was, and was intended by the said Mainor to be, a gen-
eral assignment under the laws of Texas of all the said Mainor's prop-
erty subject to execution, for the benefit of all his creditors; that the
property so assigned consisted principally of a stock of goods, wares,
and merchandise, situated in the town of Bowie, Montague County,
Texas, of the value of $11,000; that the said Burnette immediately took
possession of said stock, and was proceeding to dispose of it; that five
days having elapsed, and the said Burnette having failed to give the
bond required by law, the creditors of the said Mainor, on October 17,
1887, filed a motion in the District Court of Montague County, Texas,
setting forth the facts, and asking that the court appoint some eligible
person to act as assignee, who would give the bond required by law,
which said motion was on the 18th day of October, 1887, heard by said
court and granted, and appellant was appointed by the said court as-
signee of the said Mainor, and his bond fixed at $11,000; that appellant
duly gave said bond and demanded possession of the property from the
said Burnette, but that the said Burnette refused; that the said Bur-
nette, together with the other defendants, converted all of said prop-
erty to their own use, to appellant's damage in the sum of $11,000.

A copy of the deed executed by the said Mainor, and certified copies
of said motion and of the order of said District Court appointing ap-
pellant assignee, and of the bond, were attached to appellant's petition
and made a part thereof.    Appellant further alleged, that he gave the
notice required by law, and that within the six months provided by
law a majority of the creditors accepted in writing, as required by law,
under the said assignment.

The instrument executed by J. E. Mainor to O. D. Burnette was as
follows:

"*The State of Texas, County of Montague.*—Know all men by these
presents, that I, J. E. Mainor, of said county and State, for and in con-
sideration of $1 to me in hand paid, have transferred, sold, and con-
veyed, and by these presents do transfer, sell, convey, and deliver,
unto Owen D. Burnette, agent for Blankenship & Blake Company, a
chartered corporation doing business at Dallas, Dallas County, Texas,
as trustee, the following described property, situated in the town
of Bowie, Montague County, Texas, consisting of a stock of mer-
chandise contained in a certain store house on Tarrant Street, in the
town of Bowie, Texas, and now occupied by me as such, said stock

consisting of dry goods, boots, shoes, clothing, hats, caps, trunks, valises, show cases, etc., an itemized statement of which can not now be given, no invoice of same being accessible, but the estimated value of said stock of merchandise at original invoice prices is about $10,000, more or less, and said goods here conveyed being all of said merchandise except about $500 worth of millinery belonging to Miss Kate Lancaster & Brother, now in said store house, and which may be fully identified and taken possession of by the description here given.

"This conveyance, however, is made in trust for the following purposes and authority herein annexed. That is to say, the undersigned being indebted to various persons hereinafter named, and being desirous of applying the said stock of merchandise to the payment of the said indebtedness as far as the same may be sufficient for the purpose, with the preferences and in the manner herein designated, makes this conveyance in trust, with directions as follows: The said Owen D. Burnette, agent for Blankenship & Blake Company, as trustee, is authorized and empowered to take immediate possession of said property, and proceed as soon as practicable to dispose of same at private sale, or otherwise, at retail or in bulk, for cash; and for the purpose of properly and expeditiously disposing of said property, he is authorized to employ all necessary assistance to that end and incur reasonable and necessary expenses, and to so manage and dispose of said property within a reasonable time as will enable him to derive the best price for the same.

"It is agreed and said trustee is authorized and empowered to apply the proceeds of the sale of said property as follows:

"Said trustee shall pay out of the proceeds of each sale all the expenses of executing the trust and preserving said property and of maintaining and asserting the right of his trust, and all expenses of every kind properly connected with this and legal discharge of his duties as trustee. The net proceeds of said sale, after paying in full said expenses hereinbefore named, he shall apply as follows:

"1.   To the payment in full of my entire indebtedness to Blankenship & Blake Company, of Dallas, Texas, amounting to $4284.59, together with such interest as may be due or may accrue on said indebtedness; evidence of this indebtedness is an account for merchandise, which I hereby acknowledge as correct and true.

"2.   If any balance remain after the payment in full of the indebtedness herein named, to pay in full the debt I owe B. C. Evans & Co., of Fort Worth, Texas, amounting to $1350, together with interest in full that may now be due or that may accrue from said indebtedness; evidence of said indebtedness being an open account and balance and note for merchandise, which I hereby acknowledge to be just and true.

"3.   If any balance remain after the payment in full of all my indebtedness as hereinbefore named, to pay in full the debt I owe the Martin

Brown Company, of Fort Worth, Texas, amounting to $1274.63½; evidence of said indebtedness being an open account, which I hereby acknowledge to be just and true.

"4. In the event all the foregoing indebtedness and demands have been fully paid off and discharged by the proceeds of the said sale, and there remains a balance, the same shall be prorated according to the amounts due by me on the following other debts, each creditor to receive his proportion of such surplus, whom said trustee is directed to pay: Lowman Sons & Co., Chicago, Ill., $587.22; Tapp, Leather & Co., Louisville, Ky., $154.25; H. T. Simon, Gregory & Co., St. Louis, Mo., $1172.35; Stix, Krouse & Co., Cincinnati, Ohio., $2320; Bennett, Bean & Co., St. Louis, Mo., $252.75; M. D. Wells & Co., Chicago, Ill., $1549.25; N. Drucker & Co., Cincinnati, Ohio, $117.10; Meyberg & Rothschild, St. Louis, Mo., $179.80; F. R. Hammer & Co., Kansas City, Mo., $562.93; Coyle & Sargeant, St. Louis, Mo., $27.40.

"The execution of this trust is to be proceeded with promptly and with reasonable dispatch, and the money, as fast as realized from the disposal of said property, applied to the purposes of this trust as soon as practicable.

"In witness of all of which I hereunto set my hand, this the 8th day of October, 1887.

[Signed] "J. E. MAINOR."

The instrument was acknowledged and certified and recorded in the same manner as provided by law in conveyances of real estate. All the proceedings in the appointment of the appellant as assignee were regular, unless it should be necessary to show that notice of the application was given.

Defendants demurred to the plaintiff's petition. They also specially excepted to the sufficiency of the same, because it appeared that:

1. Appellee had no right to sue.

2. The instrument was not an assignment as contemplated by the statute.

3. The instrument was inoperative, null, and void, because it appeared from the allegations that it did not purport to convey all of the property of Mainor, and was only for the benefit of his creditors therein named, and that therefore the plaintiff had no title to the property.

4. The application and order were ex parte, without notice to the defendant or Mainor, and as to them void and of no force.

5. The allegations of fraud are too general, vague, and indefinite.

6. The instrument was a deed of trust or chattel mortgage.

Trial was had November 11, 1889, when the court overruled defendants' special exceptions numbered 4 and 5, but sustained the others; and the plaintiff having declined to amend, the suit was dismissed.

From this judgment of the court the plaintiff has perfected his appeal.

[This statement accompanied the opinion.]

*Herbert & Trice, Stonewall Tingle,* and *Brown & Bliss,* for appellant.—
1. The allegations of appellant's petition and the exhibits thereto attached show that J. E. Mainor was insolvent, and being insolvent, intended to make, and did make, a deed of assignment for the benefit of his creditors; that the assignee named in the deed, Owen D. Burnette, was not a resident of Montague County, where Mainor resided and conducted his principal business; and that the said Burnette failed to give the bond required by law; upon which state of facts, on application of the creditors of Mainor, the judge of the District Court rightfully appointed appellant assignee of the estate.

2. The allegations of appellant's petition show that the appellees converted the property belonging to the estate of J. E. Mainor, the assignor, to their own use, and upon demand of appellant refused to deliver the same to him, whereupon appellant had a right of action against them for the value of the property. Sayles' Civ. Stats., arts. 65a, 65f; Dent v. Chiles, 5 Stew. & P. (Ala.), 383; Wilton v. Gerdistone, 5 B. & A., 587.

3. The instrument as set forth in exhibit A of appellant's petition, which said instrument was alleged in said petition to have been executed and delivered by J. E. Mainor to Owen D. Burnette, as trustee, when the said Mainor was insolvent and in contemplation of insolvency, is an assignment, and not a chattel mortgage. Johnson v. Robinson, 68 Texas, 399; Hart v. Blum, 76 Texas, 113; Richmond v. Railway, 73 Texas, 568; Watterman v. Silberberg, 67 Texas, 100; Crow v. Beardsley, 68 Mo., 435, 438; Burrell on Assign., sec. 2.

4. Every assignment made by an insolvent debtor, or in contemplation of insolvency, which is intended by the assignor to be an assignment for the benefit of all his creditors, is, under the laws of Texas, a general assignment for the benefit of all such creditors in proportion to the amounts of their respective claims, and however made or expressed, has this effect, and is construed to pass all his property subject to execution whether specified therein or not, and all preferences expressed in such an instrument are void. Sayles' Civ. Stats., arts. 65a, 65s.

Construction of our statute: Fant v. Elsbury, 68 Texas, 1, 6; McCart v. Maddox, 68 Texas, 456; Wagon Works v. Tindall, 59 Texas, 293; McIlhenny v. Miller, 68 Texas, 356; Moody v. Carroll, 71 Texas, 143; Cunningham v. Norton, 125 U. S., 77; Muller v. Norton, 132 U. S., 501.

Construction of similar statutes: White v. Cotszhausen, 129 U. S., 329; Grimes v. Grimes, 6 S. W. Rep., 333; McCann v. Hill, 4 S. W.

Rep., 337; Martin v. Hausman, 14 Fed. Rep., 160; Crow v. Beardsley, 68 Mo., 435.

Intention and purpose of parties to a deed may be shown by extrinsic testimony: Stampers v. Johnson, 3 Texas, 1; Horne v. Puckett, 22 Texas, 201; Strong v. Stewart, 4 Johns. Ch., 167; Lane v. Shears, 1 Wend., 433; 4 Kent Com., 142.

*Leake, Shepard & Miller,* for appellees.—1. The law can not make an assignment for an insolvent debtor.

2. Where an instrument making provision for the payment of a debtor's debts manifests no intention on the part of the debtor to make a statutory assignment, the courts can not construe it into a statutory assignment.

3. Before the court can construe an instrument to be a statutory assignment, it must be clear from its context that the debtor intended to make a statutory assignment and not a chattel mortgage or a partial assignment under the common law; otherwise the law, and not his will, controls the disposition of his property. Donoho v. Fish Bros., 58 Texas, 164.

4. The statute prescribes what character both the assignor and assignee shall have, in order for the instrument to be a statutory assignment. The assignor must be insolvent or in contemplation of insolvency, otherwise the statute of assignment has no application; and likewise the assignee must possess a designated character—that is to say, he must be a resident of the county in which the assignor resides, and if his residence is elsewhere, then he fails to possess the qualifications required by the statute. Rev. Stats., art. 65; Johnson v. Robinson, 68 Texas, 399.

5. If the instrument by which the debtor transfers his property for the payment of his debts to a trustee residing in a county other than that of the residence of the debtor can be held to be a statutory assignment, then the amendment of the assignment law of 1879, passed in 1883, requiring assignees to be residents of the county in which the assignor resides, is a dead letter.

6. When the statute has been amended so as to cure some defect in an existing law, and the statute clearly expresses the legislative will, the courts are not at liberty to give a construction to it which would defeat the obvious meaning and intention of the law-making department; for whatever may be the opinion of the court as to the policy of a law, it is bound to give effect to the expressed will of the Legislature, in applying it. Thompson v. Buckley, 1 Texas, 33.

7. When an instrument made by a debtor for the purpose of providing for the payment of certain specified creditors designates the grantee as a trustee, and does not on its face purport to convey all of the debtor's property, and provides for only certain named creditors

with preferences among them, and appoints a nonresident of his county as the trustee to execute such trust, and nowhere uses the words "assignment," "assign," or "assignee," or any other words clearly indicating that the instrument was intended as a statutory assignment, it will be held to be a chattel mortgage, or a partial common law assignment, as the case may be. 65 Texas, 532; 67 Texas, 103; 22 Texas, 717.

GARRETT, PRESIDING JUDGE, *Section B.*—By the instrument under which Burnette acquired his right to the possession of the stock of goods, Mainor, who was indebted to the various persons mentioned therein, undertook to transfer, sell, and convey the property to a trustee for the purpose of disposing of the same by sale and applying the proceeds thereof to the payment of his indebtedness as far as the same might be sufficient with the preferences indicated. It was not a chattel mortgage or deed of trust to secure a debt or debts due or to become due by the debtor, who conveyed the property, to the creditors named therein, as no condition of defeasance was either expressed or could be implied from the terms used. A proper construction of the instrument will show its effect to be a conveyance of the stock of goods absolutely to the appellee Burnette, thereby investing him with full and absolute title with a trust as to the proceeds for the purposes expressed. The grantor's intention was that the title should pass to and become invested in Burnette, with no power on the grantor's part to avoid or defeat it. The transaction was a direct application of the goods for purpose of sale and the appropriation of the proceeds to the payment of the indebtedness of Mainor, just as much as if A owed debts to B and C which he desired to pay, and delivered to D a horse, and directed him to sell the horse and with the proceeds to pay the debt of B first and then that of C in full if the proceeds were sufficient, but if not, to pay him whatever there might be. Because of any surplus to which A might be entitled no defeasance could be implied, since a defeasance would apply only to the title to the property. The instrument was therefore an assignment for the benefit of creditors. Johnson v. Robinson, 68 Texas, 399.

"Every assignment made by an insolvent debtor, or in contemplation of insolvency, for the benefit of his creditors, shall provide, except as hereinafter provided, for a distribution of all his real and personal estate, other than that which is by law exempt from execution, among all his creditors in proportion to their respective claims; and however made or expressed, shall have the effect aforesaid, and shall be construed to pass all such estate, whether specified therein or not; and every assignment shall be proved or acknowledged and certified and recorded in the same manner as provided by law in conveyances of real estate or other property." Sayles' Civ. Stats., art. 65a.

It was alleged in plaintiff's petition that Mainor was insolvent and in contemplation of insolvency, and that he had executed and delivered to the defendant a deed of assignment conveying for the benefit of all his creditors all of his property subject to execution. It is not necessary that these facts should appear from the face of the deed; they may be alleged and proved. An assignment made by an insolvent debtor for the benefit of all his creditors of all his property comes within the law concerning assignment for the benefit of creditors; and any provisions for preference among the creditors will be treated as void. If Mainor was insolvent and his intention was to convey all his property for the benefit of all his creditors, the instrument became a general statutory assignment, no matter how expressed, and his intention to create a preference in favor of some of them can have no effect. Nor do we think it can make any difference that he did not intend that the assignment should come within the law, if in fact it was made under such circumstances and in such manner as to bring it within the act concerning assignments for the benefit of creditors. The intention will be gathered from the instrument itself and the law which enters into it and becomes a part thereof. Every person's right to dispose of his property is subject to the law, and especially is the right of an insolvent debtor to make disposition of his property as he pleases hedged in and limited.

The instrument was valid as a general assignment for creditors under the statute, unless the fact that the assignee was not a resident of Montague County, in which the assignor resided, rendered it void. It is provided by the statute, that "every such assignee shall be a resident of this State and of the county in which the assignor resides or in which his principal business was conducted." Sayles' Civ. Stats., art. 65f. This question has never been passed on in this State. In the case of Johnson v. Robinson, 68 Texas, 399, it appeared from the face of the assignment that the assignees were residents of the State of Kentucky; but the instrument in that case having been held to be a partial common law assignment, it was not necessary to decide whether that fact would avoid it. We gather from the general purport of the act and the uniform construction thereof that assignments coming within its scope are to be upheld rather than strictly construed. No fraudulent act, intent, or purpose of the assignor or assignee can have the effect to defeat an assignment or to deprive the creditors consenting thereto from the benefit thereof, and any such fraudulent intent on the part of the assignee is sufficient cause for his removal. Sayles' Civ. Stats., art. 65f. All such assignments, however made or expressed, shall have the effect to provide for the distribution of all the assignor's real and personal estate among all his creditors in proportion to their respective claims. It has been held that the omission of property from the inventory, the failure to annex an inventory, the failure to include all of

the creditors in the schedule, and the failure of the assignee to file a bond, will not avoid the assignment. In the case of Bachrack v. Norton, 132 United States, 337, cited by counsel for appellees as having intimated that the assignment would have been void if the statute had required the assignee to be a resident of the State, the question was not passed upon, and the court said: "Independently of a statute on the subject, we do not see why, as a mere matter of law, an assignment should be held void because the assignee is not a citizen or resident of the State where the assignment is made and the debtor resides, provided he complies with the conditions prescribed by law." Some of the States it seems have statutes which make the assignment void when the assignee is a nonresident of the State. Burr. on Assign., sec. 91, notes 7 and 8. We do not think, in the absence of an express declaration of the statute to that effect, that the fact that Burnette was not a resident of Montague County renders the assignment void, and we hold the provision of the statute with reference to the residence of the assignee as directory and not mandatory. If he failed to comply with the conditions prescribed by law for the management of the trust, he would be subject to removal.

The statute does not require that notice shall be given of the application of creditors to have an assignee appointed on the failure of the assignee named in the deed to file a bond within five days. By analogy to the law by which administrators and guardians are removable without notice, the office is treated as vacant on account of the failure to file the bond as required, and another person is appointed. Article 65o, Sayles' Civil Statutes, is a provision for the removal of the assignee and the appointment of another in his place. When the assignee named in the assignment fails to file a bond it is not a question of removal, but rather of declination or refusal, and if the creditors see proper to take advantage of it they may have an assignee appointed. Appellant was appointed in accordance with the statute, and had authority to bring and maintain this suit.

We conclude that the court below erred in sustaining appellees' demurrers to plaintiff's petition, and that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*