### J. J. COLLINS ET AL. V. SANGER BROTHERS ET AL.

#### No. 445.

1. **Deed of Trust—Action to Set Aside Preferences—Parties.**—In a suit to set aside the preferences made in a conveyance and adjudge the conveyance to be a general assignment under the statute, to be administered without preferences, those named as preferred creditors in the instrument are necessary parties to such suit.

2. **Burden of Proof.**—The burden of showing a deed of trust valid as such on its face, to be an assignment, rests upon the party seeking to have it declared to be an assignment. See opinion for description of an instrument held to be a mortgage, and not an assignment regulated by statute.

APPEAL from Hill.   Tried below before Hon. J. M. HALL.

*C. Moorman, R. M. Vaughan,* and *Morris & Crow,* for appellants.

1. The instrument attached to plaintiff's petition marked "Exhibit A," and made a part thereof, shows upon its face that it is a deed of trust and not an assignment, and therefore said petition shows no cause of action.   Preston v. Carter Bros. & Co., 80 Texas, 388; Watterman v. Silberberg, 67 Texas, 100; Hudson v. Milling and Elevator Co., 79 Texas, 401.

2. The court erred in the conclusion of law in finding "that said instrument should be construed to be an assignment for the benefit of creditors; that the provisions preferring certain creditors is void," etc.; as said deed on its face purports to be and is an absolute deed of trust.   Preston v. Carter Bros. & Co., 80 Texas, 388; Watterman v. Silberberg, 67 Texas, 100; Hudson v. Milling and Elevator Co., 79 Texas, 401; Foreman v. Burnette, 83 Texas, 396.

*Smith & Wear* and *McKinnon & Carlton,* for appellees.—A conveyance made by an insolvent debtor for the benefit of all his creditors of all his property comes within the law concerning assignment for the benefit of creditors, and any provisions for preference among creditors will be treated as void.   And if D. T. Huffhines was insolvent, and his intention was to convey all his property for the benefit of all his creditors, the instrument became a general statutory assignment, no matter how expressed, and that too even though he did not intend that the assignment should come within the law, if in fact it was made under such circumstances and in such manner as to bring it within the act concerning assignments for the benefit of creditors.   Therefore, there was no error in overruling the exceptions to the petition and refusing to dissolve the injunction.   Foreman v. Burnette, 83 Texas, 396; Hart v. Blum, 76 Texas, 113; Johnson v. Robinson, 68 Texas, 399.

FINLEY, ASSOCIATE JUSTICE.—On May 31, 1892, D. T. Huffhines of Hill County, Texas, executed a deed of trust conveying to J. J. Collins, of said State and county, as trustee, a stock of goods, wares,

and merchandise, store and office furniture and fixtures, in Hillsboro, Texas, to secure certain preferred creditors therein mentioned, marked "Schedule A," in amounts aggregating about $2533.55, and after paying in full said creditors named in schedule A, should there remain money enough to secure certain other creditors, therein designated "Schedule B," in amounts aggregating about $1385, and directing that any property remaining, or the proceeds thereof after paying said debts, should be returned to said D. T. Huffhines.

On June 2, 1892, appellees presented their original petition to the judge of the District Court in and for Hill County, attaching thereto a certified copy of the deed of trust as part of said petition, and alleging, that while said instrument of writing on its face was in the form of a deed of trust, as a matter of fact and law said instrument was a deed of assignment for the benefit of creditors, praying that a writ of injunction be issued restraining said J. J. Collins, trustee, from disposing of said property until he had qualified under the law as assignee, and that said instrument be declared an assignment. Said writ of injunction was granted until cause was shown why said writ should not be granted as prayed for in the petition, and on June 3, 1892, said petition was filed with the clerk of the District Court of Hill County, and said writ, as prayed for and ordered by the court, was issued and served on defendants. June 4, 1892, appellant answered by motion to dissolve, and general and special exceptions and general denial, and specially pleading, that the aforesaid instrument was intended as a trust deed, and not an assignment.

On June 11, 1892, defendants' motion to dissolve the injunction was heard and overruled, and the previous order granting the injunction continued in force, except so much was vacated as restrained the said Collins from disposing of said property, and he was ordered to enter into a $3000 bond, and dispose of the property and make report of the proceeds to the next term of court.

September 22, 1892, J. J. Collins filed his report of his disposition of the property under order of the court. October 6, 1892, defendants' motion to dissolve the injunction and general and special exceptions were by the court overruled, to which defendants excepted, and upon the trial of the case the court found for the plaintiffs, and decreed that the said instrument of writing executed by D. T. Huffhines to J. J. Collins as aforesaid be declared to be an assignment, and that said Collins qualify as assignee of said Huffhines, and proceed as under the law of Texas relating to assignments for the benefit of creditors. To which judgment the defendants excepted, and in open court gave notice of appeal to this court.

The complainants were creditors embraced in class B; the mortgagor and trustee named in said instrument were defendants. The creditors in class A, who were preferred in order of payment to class B, were not made parties to the suit.

*Opinion.*—The defendants demurred to plaintiffs' petition, upon the ground that it appeared therefrom that the creditors in class A were necessary parties to the suit. The court overruled the exception, and this action is assigned as error.

In a suit to set aside the preferences made in a conveyance, and adjudge the conveyance to be a general assignment under the statute, to be administered without preferences, those named as preferred creditors in the instrument are necessary parties to such suit. Hudson v. Milling Co., 79 Texas, 401. The exception should have been sustained, and the ruling of the court was error.

The judgment of the court declaring the instrument to be a general assignment, to be administered under the statute, is challenged. The instrument of conveyance upon its face possesses all the elements of a mortgage given to secure the payment of certain debts. The burden of showing the instrument to be an assignment rested upon the plaintiffs. The evidence was wholly insufficient to show that the conveyance was other than what it purported to be. Such conveyances as the one under consideration, in form and fact, are uniformly held by our courts to be mortgages, and not assignments regulated by our statutes. Preston v. Carter, 80 Texas, 388; Watterman v. Silberberg, 67 Texas, 100; Hudson v. Milling Co., supra; Foreman v. Burnette, 83 Texas, 396.

The judgment of the court below is reversed, and here rendered for appellant.

*Reversed and rendered.*

Delivered June 20, 1894.