## CHANDLER v. HARRISON.   (No. 7943.)

Court of Civil Appeals of Texas. San Antonio. March 7, 1928.

Rehearing Denied April 4, 1928.

**1. Appeal and error** ⬅907(3)—Findings are adopted on appeal in absence of statement of facts.

Where there is no statement of facts, findings of fact of trial judge must be adopted on appeal.

**2. Attorney and client** ⬅150—Client, who told attorney to sue after attorney's demand for one-third, held liable for one-third amount realized by settlement, though client had not actually received money and had discharged attorney.

Where after attorney informed client that fee for instituting suit would be one-third of recovery and client subsequently told attorney to go ahead with the suit, and suit was compromised, attorney was entitled to recover one-third of amount provided in compromise agreement, less retainer fee, though he was discharged after the agreement had been made and though client had not been paid the money under the compromise agreement.

Appeal from Nueces County Court; Nat Benton, Judge.

Suit by Sidney P. Chandler against H. H. Harrison. Plaintiff recovered judgment in justice's court, but judgment was rendered for defendant on appeal to the county court, and plaintiff appeals. Reversed and rendered.

Sidney P. Chandler, of Corpus Christi, for appellant.

Tarlton & Lowe, of Corpus Christi, for appellee.

FLY, C. J. This suit, which originated in the justice's court of Nueces county, involves a claim for legal services and for auditing some accounts, the whole sum, less a payment of $100, being $193.33. The suit was instituted by appellant, and the trial in the justice's court resulted in a judgment by default

against appellee for $193.33. The cause was appealed by appellee to the county court, where it was tried without a jury and judgment rendered that appellant take nothing by his suit and pay all costs incurred.

[1] There is no statement of facts and consequently the findings of fact of the county judge must be adopted by this court. They are as follows, with the elimination of surplus language:

"The defendant, H. H. Harrison, employed the plaintiff, an attorney, Sidney P. Chandler, to file a suit against E. B. Quaile and F. F. Quaile in the district court of Nueces county, Tex. The plaintiff told the defendant that the fee for filing said suit would be one-third of any recovery obtained less $100 cash paid as a retainer fee. The defendant did not agree to pay the fee demanded by the plaintiff. Later defendant told plaintiff to 'go ahead' with the suit. Said suit was compromised and a contract entered into between the Quaile boys and H. H. Harrison, and the plaintiff assisted in the negotiations of the compromise. The defendant has not been paid the money by the Quaile boys. The compromise agreement amount was approximately $800. The defendant discharged the plaintiff as his attorney after the compromise agreement and before the contract of compromise had been drawn or signed by the parties. The defendant did not agree to pay plaintiff for auditing his bank statement as alleged in plaintiff's petition, but such services were included and paid for by defendant in the general employment by defendant of plaintiff."

[2] The facts found by the court show that appellant was employed by appellee to prosecute a claim in the district court against E. B. Quaile and F. F. Quaile, and the agreement between appellant and appellee was that appellant was to receive a retainer of $100, and one-third of all he might recover in the suit less the $100 paid as a retainer. Appellant filed the suit as later instructed by appellee, and while pending a compromise, in which appellant assisted, was made between appellee and the Quailes, they agreing to pay appellee $800. The compromise was agreeable to and accepted by appellee. After appellant had recovered through the compromise the sum of at least $800 for appellee, after appellant had through the compromise performed the services agreed to be performed by him for appellee, the latter apparently sought to evade payment of his fee due appellant by discharging him. It may be true, as found by the court that the Quailes had not paid off the claim due by them to appellee, but that fact could not affect the right of appellant to recover his fee. He had rendered all the service contracted for by him, and appellee accepted his services and should in good conscience pay for them. Appellee, as found by the court, may not have agreed to pay all demanded by appellant, but he did agree to one-third of the amount recovered less the $100 paid in advance.

The findings of the court show that they are connected with and grew out of the same transaction and while there may have been some delay in instituting the suit still "later defendant told plaintiff to go ahead with the suit." That suit could have been no other than the one in which the suit was instituted. The conclusion of the county judge that appellee did not agree to pay the fee demanded by appellant amounts to nothing in view of the finding that appellee had employed appellant to file a suit against the Quailes and had agreed "that the fee for filing said suit would be one-third of any recovery obtained, less $100 cash paid as a retainer fee." Appellee may not have agreed to pay $25 for auditing accounts, but he did agree to pay one-third of any recovery made by him. His suit was the means of a recovery of $800 and he is entitled to one-third of it less the $100 retainer.

The judgment is reversed and judgment here rendered that appellant, Sidney P. Chandler, recover of appellee, H. H. Harrison, the sum of $166.66, and all costs in this behalf expended.