## In re FREEMAN.

## DOROUGH v. HALL.

Circuit Court of Appeals, Fifth Circuit. November 21, 1929.

No. 5495.

F. H. Prendergast, of Marshall, Tex., for appellant.

Lee G. Carter and Elihu E. Berwald, both of Dallas, Tex. (Carter & Berwald, of Dallas, Tex., on the brief), for appellee.

·Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. On January 4, 1928, C. D. Freeman executed to the appellee, Vernor Hall, an instrument purporting to be a general assignment for the benefit of the former's creditors. On January 11, 1928, C. D. Freeman was adjudged a bankrupt under an involuntary petition filed on January 10, 1928, and a trustee of the bankrupt's estate was appointed. Thereafter the trustee filed in the bankruptcy proceeding an application which alleged that, prior to the filing of the petition in bankruptcy, appellee acted as assignee of the bankrupt, that $511.40 belonging to the bankrupt's estate came into his possession as such assignee, and that appellee has failed and refused to comply with a request of the trustee that said amount of money be paid to the trustee; and prayed an order requiring appellee to show cause why he should not be ordered to pay said sum to the trustee. In response to that application appellee filed a pleading which set up that he tendered to the trustee $304.99, part of the sum of $511.92 collected by him as such assignee, that he claimed the right to apply the balance of that sum to items of expense, aggregating $81.93, incurred by him as assignee prior to the filing of the bankruptcy petition, and $125 to his compensation for his services as assignee prior to the institution of the bankruptcy proceeding; and, as to the sums so claimed by him, appellee set up that he was entitled to be heard in other than a summary proceeding. The court sustained the objection to the maintenance of the summary proceeding for the recovery of the amount so claimed by appellee.

For the appellant it was contended that appellee's claim was colorable and fictitious because of a noncompliance with provisions of the Texas statutes governing assignments for the benefit of creditors (Revised Statutes of Texas 1925, article 261 et seq.) as to the assignee being a resident of the county in which the assignor resides, as to the assignee filing the deed of assignment, and as to his executing and filing a bond with sureties. Those provisions are directory, and a noncompliance with them does not avoid the assignment or invalidate acts of the assignee done in pursuance of the assignment. Foreman v. Burnette, 83 Tex. 396, 404, 18 S. W. 756. It appearing from the record that appellee acted under the assignment prior to the institution of the bankruptcy proceeding, we are not of opinion that his claims based on expenditures of funds received under the assignment and services rendered in pursuance thereof properly can be regarded as colorable or a mere pretense because of a noncompliance with statutory provisions referred to; those claims being dependent upon facts apparently not disputed and upon a matter of law as to which there is reasonable room for controversy. Harrison v. Chamberlin, 271 U. S. 191, 46 S. Ct. 467, 70 L. Ed. 897.

Controlling decisions support the conclusions that the above-mentioned claim of the appellee that he was entitled to retain the amount of the bankrupt's money expended by him as assignee and the amount retained to cover compensation for his services rendered as assignee prior to the institution of the bankruptcy proceeding was adverse, and that the court was without jurisdiction to dispose of that claim summarily in the bankruptcy proceeding over appellee's objection. Galbraith v. Vallely, 256 U. S. 46, 41 S. Ct. 415, 65 L. Ed. 823; Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 S. Ct. 293, 46 L. Ed. 413.

The order or decree is affirmed.