interrogated with reference to whether or not he made such statements and whether or not they were true.

That portion of the written statement about which the witness was interrogated differed materially from some of the statements shown to have been testified to by said witness. In his direct evidence, said witness testified positively that he saw the said Cora Towles and the deceased and another man by the name of Dewberry run the defendant in between two automobiles and saw the deceased and Dewberry with rocks in their hands while they were running the appellant; but it is shown from the testimony read to the witness about which he was interrogated that he did not know who the negro woman was who cut the appellant and that he did not know either one of the men he had seen following the woman. Therefore, said testimony could only be offered for the purpose of impeaching said witness and this was the only purpose for which said testimony could have been admissible. As to the contents of said written statement signed by the witness, it is not before this court, and there is nothing in the record which showed that appellant's counsel has ever been allowed to see said written statement. What the contents of said statement are, whether it relates to the same subject-matter testified to by the state's witness, and whether that portion of it not read explains or tends to explain the testimony and the statements about which the witness was examined on cross-examination, we cannot say. The writing called for by appellant was not a public document and not open to inspection of appellant's counsel as a matter of right. Goode v. State, 57 Tex. Cr. R. 220, 123 S. W. 597; Taylor v. State, 87 Tex. Cr. R. 338, 221 S. W. 611. But such paper becomes subject to appellant's demand for its production only when used before the jury by the state in some way by which its contents become an issue. Green v. State, 53 Tex. Cr. R. 490, 110 S. W. 920, 22 L. R. A. (N. S.) 706; Rutledge v. State, 94 Tex. Cr. R. 231, 250 S. W. 698.

■ Applying the rules laid down in the authorities cited, the bill of exception in question shows that the state had asked questions relevant to the written statement and had exhibited same by reading therefrom in the presence of the jury. This was equivalent to an introduction of that part of said statement which the state's counsel had read before the jury, and under the circumstances we believe that the appellant had a right to examine said written statement and introduce all of said statement that tended to explain or clarify the portions read to the witness in the presence of the jury in evidence by the state. Certainly a question of fairness would require it to be made available to counsel for appellant.

The issue in this case was sharply contested and the contents of said statement so far as we know might have been very material to appellant's theory of self-defense, and we feel constrained to hold that the failure of the trial court to permit appellant's counsel to examine said statement was such error as calls for reversal of this case.

The judgment is reversed, and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## BROWN SHOE CO. v. SHOR.
### No. 2764.

Court of Civil Appeals of Texas. El Paso.
Jan. 5, 1933.

Fred J. Dudley, of Dallas, for plaintiff in error.

Wm. Andress, Jr., of Dallas, for defendant in error.

PELPHREY, C. J.

Plaintiff in error sued out a writ of garnishment against defendant in error in the county court at law, No. 1, of Dallas county, Tex. Defendant in error answered not indebted, which answer was controverted by plaintiff in error. Upon a trial before the court judgment was rendered in favor of defendant in error and an appeal has been prosecuted to this court.

At the request of plaintiff in error, the trial court filed the following findings of fact and conclusions of law:

"Findings of Fact.

"1. Plaintiff is the owner and holder of a valid and subsisting judgment rendered on December 5, 1931, against Head-Hargrove Company, a co-partnership, M. G. Hargrove, C. E. Hargrove and J. W. Head, co-partners therein, which judgment is in the amount of $461.55, with interest at six per cent from the 1st day of January, 1931, all of which amount is 'still unsatisfied.'

"2. On January 8th, 1931, Head-Hargrove Company, M. G. Hargrove, C. E. Hargrove and J. W. Head, acting by their duly authorized agent M. G. Hargrove, executed a Deed of Assignment of all of its and their property not exempt from execution, to J. I. Shor, for the benefit of its and their creditors, share and share alike, under the terms of Title 12 of the 1925, R. C. S. of Texas, pertaining to assignments for the benefit of creditors.

"Acting under the authority of such deed J. I. Shor, as such assignee, took possession of all such assets and property of Head-Hargrove Company, M. G. Hargrove, C. E. Hargrove and J. W. Head, jointly and individually, not exempt from execution, and proceeded to convert same into cash at public sale after advertising such sale in the newspapers. At such sale all of such assets were sold for the sum of $5,105.00 cash. Fixtures at Brownfield and at Quitaque, valued at $1742.00 were turned over to the landlords in settlement of rent claims.

"The amount of unsecured indebtedness of such partnership and such individuals at the date of such assignment was $17,468.00. Subsequently a dividend in the sum of fifteen per cent of the claims was paid to such ac-
cepting creditors and at the time of the institution of this cause of action garnishee had in his hands the sum of $918.26, being the balance remaining in his hands derived from the sale of the assets conveyed by said partnership and said individuals.

"3. Each of said individual assignors had a homestead, household furniture and fixtures and wearing apparel and an automobile which were exempt from execution and were not conveyed by the deed of assignment.

"4. J. I. Shor, as such assignee, did not file any bond in Dallas County where he resided, or in the Counties where the property of the individuals or partnership was located, nor did he cause any advertisement of his qualification as assignee under the assignment to appear in any newspaper in the County of his residence or in the County of the residence of either of the partners or partnership or where the property was located. Said Shor, however, sent a letter to each creditor listed by the assignors setting forth the making of such assignment, a statement of the assets and liabilities of the assigned estate and a notice of the public sale at which said property was sold, a copy of which letter was received by plaintiff herein.

"5. Plaintiff although listed by assignors as an unsecured creditor and being of the same class as the accepting creditors, refused to accept under said assignment and filed suit against the partnership and individual members, in which suit the aforesaid judgment was rendered in its favor on December 5, 1931."

"Conclusions of Law.

"1. The deed of assignment of J. I. Shor, executed by Head-Hargrove Company, a co-partnership, and its individual members, M. G. Hargrove, C. E. Hargrove and J. W. Head, as above set forth, was sufficient to pass title to all of its and their assets not exempt from execution to J. I. Shor, for the benefit of its and their creditors.

"2. The failure of the assignee to give bond and to advertise his qualifications as such assignee, does not invalidate the assignment, such provisions of the statute being directory only.

"3. Title 12, of the 1925 R. C. S. of Texas [articles 261–274] being valid, the assignment was sufficient to pass title to all of the assets of Head-Hargrove Company and the individual partners thereof to J. I. Shor and he held such assets and the proceeds derived therefrom as assignee for the benefit of creditors in trust for such creditors.

"4. The fund of $918.26 so held by defendant, J. I. Shor, as assignee for the benefit of creditors, of Head-Hargrove Company and the individual partners thereof was not subject to garnishment by plaintiff as judgment creditor to said partnership and said individuals."

Plaintiff in error assigns error: (1) That the court erred in finding that Head-Hargrove Company, M. C. Hargrove, C. E. Hargrove, and J. W. Head executed a deed of assignment for the benefit of their creditors under the terms of title 12 of the 1925 Revised Civil Statutes; (2) that the court erred in finding that defendant in error was acting under the authority of such deed of assignment; (3) that the court erred in concluding as a matter of law that the deed of assignment was sufficient to pass title to defendant in error; (4) that the court erred in concluding as a matter of law that the provision of the statute as to the qualifying of an assignee was directory only; (5) that the court erred in concluding as a matter of law that defendant in error held the assets of the Head-Hargrove Company as assignee for the benefit of creditors under the provision of said title 12; (6) that the court erred in concluding as a matter of law that the sum of $918.26 was held by the defendant in error as assignee for the benefit of creditors; and (7) that the court erred in rendering judgment against plaintiff in error because title 12 of the Revised Civil Statutes was invalid, being in conflict with article 1, § 8, clause 4, of the Constitution of the United States.

■ The title in question is not an insolvency law, Keating v. Vaughn, 61 Tex. 518, 524, and is not in conflict with or suspended by the National Bankruptcy Law (11 USCA). Star v. Johnson (Tex. Civ. App.) 44 S.W.(2d) 429, writ of error refused (Tex. Sup.) 47 S.W. (2d) 608; Patty-Joiner & Eubank Company v. R. B. Cummins, 93 Tex. 598, 57 S. W. 566; Dodgion v. J. M. Radford Grocery Co. (Tex. Civ. App.) 50 S.W.(2d) 837.

■ Unless for some other reason the assignment was invalid, the funds in the hands of the assignee were not subject to garnishment. Star v. Johnson, supra, and authorities cited.

The remaining contention of plaintiff in error is that the assignee's failure to file a bond in Dallas county, where he resided, or in the counties where the property of the individuals or partnership was located, and his failure to advertise his qualification as assignee under the assignment in a newspaper in the county of his residence or of the residence of either of the partners or of the partnership or in the county where the property was located, entirely invalidated the assignment and left the title in the assignors, and, therefore, subject to garnishment.

■ In its assignments of error it questions the findings of fact made by the trial court, but there having been no statement of facts filed with the record, we must accept the findings as made and limit our consider-

ation of validity of the assignment to the facts above enumerated. As said by the Supreme Court in Foreman v. Burnette, 83 Tex. 396, 18 S. W. 756, 759, in upholding the validity of an assignment where the assignee was not a resident of the county in which the assignor resided: "It has been held that the omission of property from the inventory, the failure to annex an inventory, the failure to include all of the creditors in the schedule, and the failure of the assignee to file a bond, will not avoid the assignment."

■ In view of the provision of the statute itself (article 266, R. S. 1925), the holding of the Supreme Court in Windham v. Patty & Matthews, 62 Tex. 490, and the above expression of the Supreme Court in Foreman v. Burnette, the assignment was not avoided by failure of the assignee to file his bond. See, also, In re Freeman (C. C. A.) 35 F.(2d) 952.

■ If an assignment would not be avoided by the assignee's failure to file his bond and by a failure to comply with other requirements of the statute, such as those above enumerated, then we fail to see how a failure to give notice of his appointment in the newspapers could be so held, especially where, as here shown by the findings of fact, plaintiff in error received a letter from the assignee notifying it of the assignment.

The judgment of the trial court is affirmed.