## ARONOFF v. BARNETT.

### No. 3009.

Court of Civil Appeals of Texas. El Paso. June 28, 1934.

Wm. Andress, Jr., and Renfro & McCombs, all of Dallas, for appellant.

A. W. Loveland, of Dallas, for appellee.

WALTHALL, Justice.

This suit originated in the justice of the peace court, and was duly appealed to the county court at law of Dallas county, where the proceedings here were had.

Appellant, B. Aronoff, held an unsatisfied judgment against Nathan Lynch Stores, Inc., and had a writ of garnishment issued and served upon appellee, M. L. Barnett. Barnett answered that he was not indebted to nor did he have in his possession any effects belonging to Nathan Lynch Stores, Inc., etc. He further answered, in effect, that, at the time stated, the directors of the Nathan Lynch Stores, Inc., passed a resolution authorizing Nathan Lynch, its president, to make an assignment to M. L. Barnett of the assets of the Nathan Lynch Stores, Inc., for the purpose of selling same and distributing the proceeds to its creditors; that pursuant to said resolution said Nathan Lynch, on behalf of Nathan Lynch Stores, Inc., executed an assignment to the garnishee, M. L. Barnett, for the benefit of said creditors, but that, due to a clerical error in writing the assignment, the name of Vernon Hall was written in the assignment instrument instead of that of M. L. Barnett; that, acting as was the intention of said board of directors in the assignment, the garnishee, M. L. Barnett, took possession of the assets, and, at the time stated, sold same for the amount stated (an amount in excess of the judgment); that the Nathan Lynch Stores, Inc., acquiesced and agreed to the taking of possession of said assets by the garnishee, M. L. Barnett, and not until a later date was it discovered that there was an error, as stated in the assignment, at which time the error was corrected by another assignment stating that the name of Vernon Hall, in the original assignment, was there through error; that at the time the original assignment was made Vernon Hall was dead. The garnishee further answered that funds held by him were trust funds, and further denied that there

was an outstanding judgment against Nathan Lynch Stores, Inc., in favor of appellant, as claimed by appellant. Appellee prayed to be discharged, etc. The answer was duly verified.

Appellant filed an answer controverting the garnishee's answer.

The case was tried to the court without a jury, and judgment was entered in favor of the appellee garnishee, from which this appeal is prosecuted.

### Opinion.

The only question presented here is whether the introduction in evidence of the assignment instrument in connection with the evidence under which it was introduced is an assignment sufficient to convey the title to the garnishee. As grounds for voiding the assignment instrument, it is submitted that it was not acknowledged, did not name appellee as assignee, and did not annex to the assignment a list of creditors and a verified inventory containing the statement provided by article 262 of the statutes.

The court made no finding of facts. The evidence in the record is sufficient to justify the finding that the board of directors of the Nathan Lynch Stores, Inc., by resolution had authorized Nathan Lynch, its president, to make an assignment to the garnishee, M. L. Barnett, of the assets of the corporation for the purpose of selling same and distributing the proceeds to its accepting creditors; that Nathan Lynch had executed the assignment instrument; his signature to the instrument though not acknowledged, was proved. It was also sufficiently shown that it was by an oversight that the name of Vernon Hall appeared in the original instrument, and that the error had been corrected by a later instrument by which the name of the garnishee was inserted. It was shown that at the time the original instrument was executed Vernon Hall was dead.

The deed of assignment by its terms provided as follows:

"The secured and unsecured creditors being respectively named below as follows:

Unsecured Creditors

| Name | Address | Amount |
|---|---|---|
| Creditors as per attached Schedules | | $4129.06 |

Secured Creditors

| Name | Address | Amount |
|---|---|---|
| Jan. & February rent | | 130.00 |
| Taxes: (1933)" (No amount stated) | | |

Blank spaces are left for statement of taxes for state, county, and school district and United States government.

Other than the above there was not annexed to such assignment an inventory containing the statement provided by article 262 of the statute.

The above statement in the deed of assignment was not sworn to. The garnishee testified that such inventory of the debtors and creditors of the estate and vouchers and securities relating thereto was not attached to the deed, but that he had such list in the store.

The evidence shows that the assignee, Barnett, went into possession of the estate, made sale of the assets of the estate, and, at the time of the garnishment and trial, had in his possession the sum of $2,150. The amount of appellant's indebtedness is $125.

The statute provides that assignments shall be in writing and "proved or acknowledged and recorded." The instrument was not acknowledged, but was proved on the trial, and was admitted in evidence without objection.

■ While the statute provides that the debtor shall annex to such assignment a verified inventory containing the statement conveying the information provided in the statute, it has generally been held that such provision is directory only; that is, the inventory is a matter of convenience only as giving information to the assignee or creditors, and is no part of the deed of assignment, and the parties are not necessarily bound by the inventory. In re Freeman (C. C. A. Tex.) 35 F.(2d) 952; Newman v. Clement et al., 70 S.W.(2d) 789, 790, by the Austin Court of Civil Appeals, in which it is said: "Nor did the trial court err in admitting in evidence the original assignment executed and delivered by Newman to Clement, over the objection of appellant that same was void, because it did not have annexed thereto an inventory containing the information required by article 262, R. S. 1925, with regard to list of creditors, their addresses, and an inventory of the assignor's estate, etc. The detailed requirements or specifications of this article, as well as the other assignment statutes, are manifestly for the information and benefit of the assignee and creditors, and not the assignor."

■ All of the debtor's property not exempt passes to the assignee by the deed. The inventory or schedule of the debtor's property is not a necessary part of the deed of assignment. The deed makes no reference to any inventory.

■ If the proceeds from the sale of the

property in the hands of the garnishee were subject to appellant's garnishment, a nonconsenting creditor, by virtue of the statute, it would be for any excess only of such proceeds remaining in the assignee's hands after the payment of the consenting creditors the amount of their debts and costs. There is no suggestion that there would be an excess, and the amount of the outstanding indebtedness referred to in the deed of assignment and the amount of money in the hands of the assignee indicate there would be no excess subject to garnishment.

We have found no reversible error, and the case is affirmed.